IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 07-02337M-CKJ (HCE) |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| ROCKY COYE ESTES, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

On November 6, 2007 this matter came on for hearing on Defendant's Motion to Expunge Criminal Record. For the following reasons, the Magistrate Judge recommends that the District Court grant Defendant's Motion.

I. FACTS:

A criminal complaint was filed on September 28, 2007 alleging that the Defendant (hereinafter "Mr. Estes") had committed theft or received stolen mail matter in violation of 18 U.S.C.§1708. A minimal finding of probable cause alleged that Mr. Estes had stolen Bank of America convenience checks mailed to Thomas Erwin, Jr. of Sierra Vista, Arizona; made a $500 payment on a credit card with First Bank of Delaware Tribute Master Card in the name of Rocky Coye Estes using one of the convenience checks; and used one of the convenience checks to pay for a gift card purchased on internet E-Bay by Rocky Estes, such gift card to be delivered to 6263 S. 20th Avenue in Safford, Arizona.

1   Mr. Estes cooperated fully with U.S. Postal Inspectors investigating the offense alleged
2   against him. Through this investigation it was established that Mr. Estes lives at 453
3   Powerline Road in Safford, Arizona and had never used a 20th Avenue address there; had
4   never opened an account with First Bank of Delaware; had never purchased a gift card on
5   internet E-Bay nor had an E-Bay account; had not stolen or received convenience checks in
6   the name of Thomas Erwin, Jr. In sum, Mr. Estes was verified to be a victim of identity theft
7   by U.S. Postal Inspectors and the Government agrees with this conclusion.
8   On November 8, 2007 the Government and Mr. Estes through counsel Mr. Richard W.
9   Raynor filed a Stipulation of Facts Relating to Defendant's Motion to Expunge Records(Doc.
10  No. 11) stating:
11  ...
12  6.   Mr. Estes' interest in expunging his record are compelling. Mr. Estes is age 57. Mr. Estes previously worked as a telecommunications engineer for many years. Since leaving the telecommunications industry, Mr. Estes has done investing and stock trading on his own. Mr. Estes has an interest in future employment in the financial services industry. That employment may require registration through the National Association of Securities Dealers (NASD). NASD registration requires submission of a fingerprint card, and criminal background check through the Financial Industry Regulating Authority (FINRA). Future employment prospects for Mr. Estes in the financial industry may be made more difficult by records of the filing of charges against him and of his arrest.
19  On November 19, 2007 the Government filed an Amended Motion to Dismiss the
20  Complaint (Doc. No. 13) against Mr. Estes with prejudice. The Government concedes that
21  the arrest of Mr. Estes, after further investigation, was in error.
22  II. LAW AND ANALYSIS:
23  This District Court has:
24  ...original jurisdiction, exclusive of the courts of the States, *of all*
    *offenses against the laws of the United States*.
25  ....
26  18 U.S.C. §3231 (emphasis added). By this authority, this District Court has ancillary
27  jurisdiction to consider Mr. Estes' motion to expunge his arrest record following dismissal
28  with prejudice of the charge against him. *United States v. Schnitzer*, 567 F.2d 536, 538 (2nd

Cir. 1977) ("The application of ancillary jurisdiction in this case is proper and falls within the policy of encouraging judicial economy.") Ancillary jurisdiction should apply where:

> (1) the ancillary matter arises from the same transaction which was the basis of the main proceeding, or arises during the course of the main matter, or is an integral part of the main matter; (2) the ancillary matter can be determined without a substantial new fact-finding proceeding; (3) determination of the ancillary matter through an ancillary order would not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter must be settled to protect the integrity of the main proceeding or to insure that the disposition in the main proceeding will not be frustrated.

*Morrow v. District of Columbia*, 417 F.2d 728, 740 (D.C. Cir. 1969); *see also United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000) ("We agree with our sister circuits that district courts possess ancillary jurisdiction to expunge criminal records.")

The Supreme Court instructs that the doctrine of ancillary jurisdiction is used:

> for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent...(citations omitted)..., and (2) to enable a court to function successfully, that is, *to manage its proceedings, vindicate its authority, and effectuate its decrees*.

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379-80 (1994) (emphasis added). It is the second purpose that permits a district court to order expungement of arrest records in criminal cases over which it once exercised jurisdiction, for reasons beyond solely equitable grounds. *Sumner*, 226 F.3d at 1014. Moreover, the power to expunge is narrow and exercised only in extreme circumstances. *United States v. Smith*, 940 F.2d 395 (9th Cir. 1991); *Geary v. United States*, 901 F.2d 679 (8th Cir. 1990) (extraordinary circumstances); *Allen v. Webster*, 742 F.2d 153 (4th Cir. 1984) (exceptional circumstances); *United States v. Schnitzer*, supra (extreme circumstances). A balancing between the Government's need to maintain records in aiding law enforcement and the individual's right of privacy must be conducted. *United States v. Linn*, 513 F.2d 925 (10th Cir. 1975).

The Attorney General is required to acquire and retain criminal records:

> (a) The Attorney General shall (1) acquire; collect, classify, and preserve identification, criminal identification, crime, and other records;
> ...
> (4) exchange such records and information with, and for the official use of, authorized officials of the Federal Government, ...the States, cities, and penal and other institutions.
> ....

28 U.S.C. §534(a). Retention and preservation of arrest records promotes effective law enforcement and criminal identification procedures. However, each agency must maintain records that are accurate, relevant, timely and complete. *See* 5 U.S.C. §552a(e)(5).

The Government's need to maintain arrest records must be balanced against harm caused to citizens by the maintenance of such records.

> Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial. Economic losses themselves may be both direct and serious. Opportunities for schooling, employment, or professional licenses may be restricted or nonexistent as a consequence of the *mere fact of an arrest, even if followed by* acquittal or *complete exoneration of the charges involved.*

*Menard v. Mitchell*, 430 F.2d 486, 490 (D.C. Cir. 1970) (emphasis added). Consequently, factors to be considered:

> ...are the accuracy and adverse nature of the information, the availability and scope of the dissemination of the records, the legality of the methods by which the information was compiled, the existence of statutes authorizing the compilation and maintenance, and prohibiting the destruction, of the records, and the value of the records to the Government.

*Paton v. La Prade*, 524 F.2d 862, 869 (3rd Cir. 1975).

Herein the charge was based upon then-known probable cause. The arrest was lawful. The case against Mr. Estes was never presented to a grand jury. Mr. Estes' case did not go to trial resulting in acquittal. *Cf. Linn*, 513 F.2d at 928 (recognizing that an acquittal means only that the Government had not proven the defendant's guilt beyond a reasonable doubt and holding that the fact that the defendant was acquitted is not in itself sufficient to require the trial court to expunge his record of arrest.) Rather, the Government through continued intensive investigation by U.S. Postal Inspectors, determined that Mr. Estes was not the

correct and proper individual to be charged and dismissed the charge with prejudice. In effect the Government has conceded Mr. Estes' innocence.

Expungement of an arrest record is appropriate where unusually substantial harm to a defendant, not attributable to him, outweighs any governmental need to maintain inaccurate and incorrect records of an arrest. *United States v. Sweeney*, 914 F.2d 1260, 1264 (9th Cir. 1990) Mr. Estes has outlined, and the Government is in accord, with the substantial harm that will be visited upon him regarding employment in the financial services industry. (Stipulation of Facts Relating to Defendant's Motion to Expunge Records, ¶ 6).

III. RECOMMENDATION:

For the foregoing reasons, the Magistrate Judge recommends that the District Court grant Defendant's Motion to Expunge Criminal Record (Doc. No. 8) and enter an order to expunge records of Mr. Estes' arrest and to direct the U.S. Attorney to file a certification that such records that might be exchanged between the Attorney General and other federal, state, city governments or agencies, or penal and other institutions has been done.

Pursuant to 28 U.S.C. §636(b) and Rule 59 of the Federal Rules of Criminal Procedure, any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: 07-2337M-CKJ.

Failure to file objections in accordance with Fed.R.Crim.P. 59 will result in waiver of the right to review.

The Clerk of Court is directed to send a copy of this Report and Recommendation to the parties and/or their counsel.

DATED this 28th day of November, 2007.

_____
Héctor C. Estrada
United States Magistrate Judge